ADMINISTRATORS OF CONN v. EXECUTORS OF GANO.

*Note—Demand—Averment.*

When a note or bill is made payable at a certain time and place, no demand is necessary to charge the maker or acceptor.

Averment of demand, though immaterial, must be proved.

THIS action was founded upon two promissory notes, in which the defendants' testator promised at a day certain to pay a sum of money to the intestate of the plaintiffs. The notes contained the words "*negotiable and payable at the Bank of Cincinnati.*"

. Each count of the declaration contained an averment, that the note when due " was presented at the said Bank of Cincinnati, being then and there due and payable, according to the terms thereof, for payment," and alleges non-payment. On the trial, the plaintiffs offered no evidence of this fact, and the defendants objected that without proof of the averment the plaintiffs could not recover; but the court permitted the cause to proceed, reserving the point. A verdict was found for the plaintiffs, and a motion made for a new trial on the ground of misdirection. This motion was reserved for decision here.

ESTE, for the defendants :

It is settled in England, that where a note is made payable at a particular place, a demand of payment must be made at that place, and alleged in the declaration, in order to sustain the action. Chitty on Bills, 321 ; 14 East, 500.

The cases of ——, ——, 8 Mass. 480, and Foden *v.* Sharp, 4 Johns. 183, seem to indicate a different doctrine; but in the cases of Berkshire Bank *v.* Jones, 6 Mass. 226, and Woodbridge *v.* Brigham, Id. 556, 560, *it is decided that the plaintiff must show that on the day of payment the note was in the bank, and that the servants of the bank were there during bank hours, ready to receive payment and give up the note.

. LONGWORTH, contra, cited 17 Johns. 242.

488

Adm'rs of Conn *v.* Ex'rs of Gano.

By the COURT:

The plain interpretation of a promise to pay a sum of money at a certain place upon a certain day, is, that the person making the promise will on the day be at the place with the money ; if he be not there, or does not have the money there, he has not performed his promise. The right of the plaintiff to receive the money does not depend upon his making a demand. It is absolute by the very terms of the promise. If the defendant is ready at the time and place to pay the money, and there is no person there to receive it, his promise is not broken ; the duty to pay the money remains, but no action can be sustained to recover it until a subsequent personal demand be made. This is the plain justice of the case, and is in accordance with the American decisions, which we prefer to follow. It was, therefore, not necessary for the plaintiffs to aver a demand at the place to maintain their action on these notes.

They have, however, made this averment, and though unnecessary, it is well settled, that being made it must be proved. In an action against the drawer or indorser of a bill, it is not necessary to state that the drawee accepted it; but Chitty says, if it be stated, it must, in an action against the drawer, be proved—p. 459. And in page 514, it is again said, that whenever a particular presentment has been averred, it must be proved; for this reason a new trial must be granted.

Judge PEASE :

I concur in the opinion of the court on the first point, but can not on the second.

The averment that the note was presented at the bank, and payment demanded, is decided to be totally immaterial as it respects the plaintiff's right to recover, and also as it respects the defense. The true distinction between an *immaterial averment which [485 it is necessary to prove, and one which it is not, I consider to be this : When the plaintiff avers in his declaration a fact, the converse of which being pleaded or proved by the defendant would be a defense to the action, then the averment ought to be proved. But if the fact averred be every way immaterial—if it form no part of the plaintiff's right to recover, and if the contrary would constitute no defense to the action—then it would be not only useless to prove it, but would be an unnecessary waste of time and money, and a trifling with the administration of justice.

Such is the averment in this case; and when no other reason can be assigned for requiring the proof of an immaterial fact, but *that it is averred,* I consider the reason insufficient. If the fact *that it is averred* be a sufficient reason in this case, why not extend it to all others? The common averment in a declaration in slander, that the plaintiff hath always sustained a good character, is really of more materiality than this; because under the general issue, and even upon default, the defendant may prove the contrary for the purpose of lessening the damages, which, so far, is a partial defense; but no lawyer will pretend that this averment of good character must be proved to sustain the action. If the averment be wholly immaterial, it is my opinion that it need not be proved, and I would overrule any authority to the contrary.